SCHOTT, Judge,
concurring in part and dissenting in part:
The majority by remanding the case to the trial court for a full evidentiary hearing in effect reverses the trial court’s judgment of $20,000 in favor of plaintiff against Ambassador Insurance Company and its insureds. I concur in this portion of the opinion, but I dissent from remanding the case and would simply deny plaintiff’s motion to enforce the settlement. This would leave plaintiff free to continue with the prosecution of her tort suit.
According to plaintiff’s memorandum in support of her motion to enforce settlement filed in the trial court on January 16, 1984 the settlement of this case was concluded on November 30, 1983 in a telephone conversation between counsel for the parties, Mr. Walker for defendants, and Mr. Meyer for plaintiff. The memo continues that the settlement “was confirmed in writing” by way of Walker’s letter of December 8, 1983 which does indeed confirm settlement of the case for $20,000, but which contains the following:
“Also, as per our conversation, we have enclosed copy of the recent order received from the Commissioner of Banking in Vermont regarding the rehabilitation of Ambassador Insurance Company.
“As soon as we receive the settlement draft, we will forward same onto you, along with the appropriate closing papers.”
Meyer’s December 16 response to this letter confirms the telephone conversation of November 30 and the agreement to settle for $20,000 but concludes with:
“_ Please forward funds as soon as you are in receipt of same.”
This appears to be the sum total of writings on the subject; and it seems clear from these that the settlement was conditioned on Walker’s receipt of a draft from Ambassador or someone representing Ambassador such as a receiver, liquidator or conservator. The letter does not purport to bind the individual defendants except to a settlement conditioned on Ambassador or its successor paying the $20,000.
For a compromise to be binding it must be in writing or recited in open court and transcribed. C.C. Art. 3071. From plaintiff-appellee’s brief it is clear that the only written documents purporting to be the compromise were the two letters exchanged above. Furthermore, the same brief makes reference to things that were supposedly said in the November 30 telephone conversation as proof of the settle *984 ment. Aside from the absence of any evidence of what was said in that conversation, the admissibility of such evidence to expand upon the so called written settlement which took place during the two weeks following the conversation is surely questionable.
Nothing in the record supports an inference much less a conclusion that the defendants other than Ambassador had authorized Walker to bind them to pay the $20,000 if Ambassador would not pay. As already noted, Walker’s letter clearly implies that the settlement was conditioned on Ambassador paying. However, even if the letter could be construed as an agreement to commit the insureds to pay the $20,000 I am unaware of any authority for the proposition that an attorney can bind his client to the payment of such a sum without express authority from the client.
I am disinclined to allow plaintiff to have another chance to prove entitlement to enforcement of this alleged settlement; especially since it seems quite clear that no settlement binding on these defendants can be proved.